IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BYRON CRAIG HERD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 21-170-RAW-KEW |
| | ) |
| SCOTT CROW, DOC Director, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He is attacking his conviction in Carter County District Court Case No. CRF-1993-348 for two counts of Assault and Battery Upon a Police Officer. His ground for relief simply states "Mistrial," but he also alleges, "Counsel's failure to appeal to raise argument for mistrial was ineffective assistance because argument had good change of winning as defendant's right to fair trial was clearly violated" (Dkt. 1 at 5).

Respondent has moved for dismissal for lack of jurisdiction, alleging among other things that this petition is an unauthorized second or successive petition under 28 U.S.C. § 2244(b) (Dkt. 14). Petitioner has not filed a response to Respondent's motion.

Section 2244(b) states:

(1) A claim presented in a second or successive habeas corpus application

under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. . . .

28 U.S.C.A. § 2244.

The record shows that Petitioner was convicted in Case No. CRF-1993-348 and sentenced to two concurrent life sentences (Dkt. 15-1). On August 17, 1995, the Oklahoma Court of Criminal Appeals affirmed his judgments and sentences in Case No. F-1994-044. *Id.* On June 2, 2003, Petitioner filed a petition for a writ of habeas corpus in this Court's Case No. CIV 03-316-RAW-KEW (Dkt. 15-2), which was dismissed on February 11, 2004, as barred by the statute of limitations (Dkt. 15-5). He did not appeal to the Tenth Circuit Court of Appeals.

It is Petitioner's burden to make a prima facie showing that he satisfies the criteria for

filing a second or successive habeas petition.  *See* 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.").  The present petition is unauthorized, because Petitioner failed to seek authorization from the Tenth Circuit to file it, pursuant to 28 U.S.C. § 2244(b)(3)(A).  His failure to obtain authorization is undisputed, leaving only the question of whether to dismiss the petition for lack of jurisdiction or, "if it is in the interest of justice," transfer the petition to the Court of Appeals for possible authorization.  *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008).  It is, however, a waste of judicial resources to require the transfer of a frivolous, time-barred case.  *Id*. at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

    Respondent argues that because Petitioner's second or successive petition is time-barred under 28 U.S.C. § 2244(d)(1), a transfer is not warranted.  Petitioner's conviction became final in 1995, prior to the enactment of the AEDPA (Dkt. 15-5 at 2).  He, therefore, had until April 24, 1997, to file his petition for a writ of habeas corpus.  *See Serrano v. Williams*, 383 F.3d 1181, 1183 (10th Cir. 2004) (citing *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (creating grace period beginning on April 24, 1996).  In its Order dismissing Petitioner's 2003 habeas corpus petition, this Court found the petition was untimely (Dkt. 15-5 at 3).  Therefore, the Court finds this present petition, filed more than 17 years later, also is untimely, and transferring it would be a waste of judicial resources.

Thus, Respondent's motion to dismiss the petition for lack of jurisdiction (Dkt. 14) is GRANTED.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus for lack of jurisdiction (Dkt. 14) is GRANTED, the petition is DISMISSED WITHOUT PREJUDICE, and Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 25th day of February 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma